UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDITH CUNNINGHAM**                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 24-477**

**MARRIOTT INTERNATIONAL, INC., ET AL.**        **SECTION: D (3)**

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiff, Edith Cunningham.[1]   The Defendants, Marriott International, Inc., Chartis Specialty Insurance Company, and Sheraton LLC filed an untimely response in opposition to the Motion.[2]   The Plaintiff filed a reply in support of her Motion.[3]   After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves a slip-and-fall at the Sheraton Hotel in downtown New Orleans.   On July 31, 2023, Plaintiff Edith Cunningham ("Plaintiff") tripped and fell on an electrical outlet at the Defendants' hotel causing her to suffer bodily injury.[4] Plaintiff originally brought suit in the Civil District Court for the Parish of Orleans, State of Louisiana on December 29, 2023, bringing claims under Louisiana state law

---

[1] R. Doc. 3.
[2] R. Doc. 5.   The Motion was set for submission on April 2, 2024.   Accordingly, any response in opposition to the Motion was due on March 25, 2024.   The Defendants filed their response on March 28, 2024.   During the May 6, 2024 Telephone Status Conference, counsel for Defendants stated that the untimeliness of the response was due to a calendaring error.
[3] R. Doc. 19.
[4] *See* R. Doc. 1-1 at p. 2.

against Defendants Marriott International, Inc., Chartis Specialty Insurance Company, and Sheraton LLC.[5]  The Defendants timely removed this case to this Court on February 23, 2024 pursuant to 28 U.S.C. § 1441(a), arguing that this Court has diversity jurisdiction of Plaintiff's personal injury claims pursuant to 28 U.S.C. § 1332.[6]  According to the Defendants, complete diversity exists among the parties[7] and the Plaintiff's claims more likely than not exceed $75,000.[8]

Plaintiff filed the instant Motion to Remand on March 5, 2024, arguing that the Court should remand this matter because the Court lacks subject matter jurisdiction over the Plaintiff's claims.[9]  According to Plaintiff, her claims against the Defendants do not satisfy the requirements for diversity jurisdiction because the amount in controversy does not exceed $75,000.[10]  Accordingly, the Plaintiff asks the Court to remand this action given the Court's lack of subject matter jurisdiction.[11]

The Defendants filed an untimely response in opposition to the Motion, arguing that they have met their burden in proving that the amount in controversy is satisfied based on Plaintiff's failure to stipulate in her state court Petition that her

---

[5] See R. Doc. 1-1.
[6] See R. Doc. 1 at p. 2.
[7] During the May 6, 2024 Telephone Status Conference, the Court informed the Defendants that they had not established that complete diversity exists among the parties because the citizenship of Defendant Sheraton LLC, a limited liability company, had not been properly asserted.  R. Doc. 16. Because the Court finds that it lacks jurisdiction over this matter as the amount in controversy is not met, the Court need not resolve at this juncture whether the parties are completely diverse.
[8] See R. Doc. 1 at p. 2.
[9] See R. Doc. 3.
[10] See R. Doc. 3-1.
[11] See id.

damages do not exceed $75,000 and Plaintiff's post-removal February 29, 2024 denial that her damages do not exceed $75,000.[12]

In her reply, the Plaintiff first argues that the Court should disregard the Defendants' opposition as untimely and then contends that her failure to stipulate that the amount in controversy does not exceed $75,000 as required by Louisiana Code of Civil Procedure article 893 does not by itself establish that the amount in controversy exceeds the jurisdictional threshold.[13]  The Plaintiff requests that her Motion be granted and that her claims be remanded to state court.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.[14]  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15]  The removing party has the burden of proving federal diversity jurisdiction.[16]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[17]  Remand is proper if at any time the court lacks subject matter jurisdiction.[18]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[19]

---

[12] *See* R. Doc. 5.
[13] *See* R. Doc. 19.
[14] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[15] 28 U.S.C. § 1441(a).
[16] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[17] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[18] *See* 28 U.S.C. § 1447(c).
[19] 28 U.S.C. § 1332(a)–(a)(1).

In Louisiana state courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[20]  As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[21] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.[22]  If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[23]

## III.   ANALYSIS

In their Notice of Removal, the Defendants primarily base their argument that the amount in controversy is met on the failure of Plaintiff to stipulate that her damages do not exceed $75,000.[24]  The Defendants claim that counsel for the Plaintiff initially confirmed via telephone that the damages sought exceeded $75,000 but later confirmed via email that the amount in controversy is less than $75,000.[25]  According

---

[20] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (*citing* La. Code Civ. P. arts. 893 & 862).
[21] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[22] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[23] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[24] *See* R. Doc. 1 at pp. 3–7.
[25] *See id.* at p. 4; R. Doc. 1-1 at pp. 19–20.

to the Defendants, Plaintiff's refusal to stipulate that the amount in controversy does not exceed the jurisdictional threshold, "while perhaps not determinative, do[es] weigh in favor of this removal being valid as to the amount in controversy exceeding $75,000."[26]  In further support of their argument that the requirements of diversity jurisdiction are met, the Defendants rely on Plaintiff's claimed injuries and statement that her "injuries will require surgical intervention to remedy."[27]  The Defendants also point to the "extensive list" of damages claimed by the Plaintiff, including loss of consortium, loss of past wages, past, present, and future medical expenses, and loss of enjoyment of life.[28]

In her Motion to Remand, Plaintiff contends that Defendants have failed to prove that, at the time of removal, Plaintiff's claim exceeded $75,000.[29]  In their response in opposition to the Motion, which the Court in its discretion considers in spite of its untimeliness, the Defendants focus their arguments in favor of the propriety of removal on: (1) Plaintiff's failure to adhere to Louisiana Civil Code of Procedure article 893 by neglecting to state that the damages sought do not exceed $75,000; (2) Plaintiff's counsel's same-day reversal as to whether the amount in controversy exceeds $75,000; and (3) Plaintiff's response to a post-removal Request for Admission in which the Plaintiff denied that her damages do not exceed $75,000.[30]

---

[26] R. Doc. 1 at p. 4.
[27] *See id.* at p. 5 (quoting R. Doc. 1-1 at p. 7).
[28] *See id.* at p. 6.
[29] R. Doc. 3 at p. 3.
[30] R. Doc. 5.

The Court agrees with Plaintiff that Defendants have failed to sustain their burden in proving that it is more likely than not that the amount in controversy here exceeds $75,000.  As for the Plaintiff's apparent failure to comply with Louisiana Code of Civil Procedure article 893 and stipulate that her damages do not exceed $75,000, the Court does not find such silence in the state court petition sufficient to establish jurisdiction in this Court.[31]   Federal court jurisdiction can neither be conferred by agreement nor can it be conferred by failing to stipulate that the damages sought do not exceed the jurisdictional threshold.[32]   Furthermore, even accepting that Plaintiff may have advised Defense counsel in a call that the amount in controversy exceeded $75,000 and then followed up the same day in writing that the claim did not exceed $75,000, Plaintiff's reversal as to whether her claims meet the requisite amount in controversy does not satisfy Defendant's burden.   The email documenting the communication between the parties confirmed that counsel for Plaintiff advised that the Plaintiff's current medical condition does not support an allegation that the amount in controversy exceeds $75,000.[33]   The Court does not find that Defense counsel's earlier email that same day asking Plaintiff to confirm that she said in a telephone conversation that the amount in controversy exceeded $75,000 is sufficient to demonstrate that it is more likely than not that the amount in controversy is satisfied here.[34]

---

[31] *See, e.g.*, *Welch v. Occidental Fire & Cas. Co. of N. Carolina*, No. CV 23-5836, —F. Supp. 3d—, 2023 WL 8271613, at *4 (E.D. La. Nov. 30, 2023) (Vitter, J.); *Berthelot v. Scottsdale Ins. Co.*, Civ. A. No. 06-9531, 2007 WL 716126, at *2 (E.D. La. Mar. 6, 2007) (Barbier, J.).

[32] *See Welch*, 2023 WL 8271613, at *4.

[33] *See* R. Doc. 3-6.

[34] Indeed, Plaintiff's counsel's emailed response sent four hours later advised that the Plaintiff's medical condition and bills did not support a claim that the amount in controversy exceeded $75,000.

Similarly, the Court does not find that Plaintiff's denial that her damages claimed in the litigation do not exceed $75,000 sufficiently demonstrates that the amount in controversy is met.  Notably, the Plaintiff's denial did not occur until February 29, 2024, after the matter had already been removed to this Court.[35]  Thus, Defendants' Notice of Removal was not premised on this denial.  While the Defendants correctly note that a removing defendant can rely upon post-removal filings based on jurisdictional facts at the time of removal to support removal[36], the Court does not find that the Defendants' February 26, 2024 Request for Admission ("RFA") answered by the Plaintiff on February 29, 2024 constitutes a valid post-removal filing that can be relied upon by the Court in ascertain whether the amount in controversy was satisfied at the time of removal.[37]  At most, the RFA—which was neither propounded nor answered until after removal—relates only to the jurisdictional facts after the case had been removed to this Court.  There is no affirmative indication that it relates to the time of removal.  As such, it cannot support Defendants' burden in proving that the amount in controversy existed *at the time of removal*.  Furthermore, the Defendants cite no case law supporting their contention that denying that the damages sought do *not* exceed $75,000 therefore amounts to an admission that the damages sought do exceed $75,000, particularly where there is no admission that the amount in controversy is satisfied.  The Court

---

[35] *See* R. Doc. 5-1.

[36] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[37] *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) ("[T]he amount in controversy should be determined at the time of filing.").

does not find that such a post-removal denial alone is sufficient to meet the amount in controversy requirement here.

As for Defendants' reliance upon the claimed injuries and types of damages by the Plaintiff, the Court also finds that the Defendants have failed to meet their burden.   Plaintiff's generic statement in her Petition that she suffered "severe injuries" that "will require surgical intervention to remedy"[38] is insufficient on its own to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The Fifth Circuit has made clear that removal "cannot be based simply upon conclusory allegations."[39]   As this Court has previously explained, there must be sufficient detail as to the nature and scope of an injury for the Court to find that the removing defendant has met its burden.[40]   As Defendant acknowledges, Plaintiff's Petition does not specify the specific injuries she sustained during the incident or what medical treatment she has received.[41]   Without more information as to the nature of the injury, the Court cannot say that it is more likely than not that the amount in controversy will be satisfied.  Here, the Court notes that the Plaintiff has specified that as of February 29, 2024, one week post-removal, her medical expenses totaled $10,197, far below the threshold for federal jurisdiction.[42]

---

[38] R. Doc. 1-1 at p. 7.
[39] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335) (internal quotation marks omitted).
[40] *See Welch v. Occidental Fire & Cas. Co. of N. Carolina*, No. CV 23-5836, —F. Supp. 3d—, 2023 WL 8271613, at *4 (E.D. La. Nov. 30, 2023) (Vitter, J.); *Butler v. Progressive Sec. Ins. Co.*, CV 21-414-WBV-DPC, 2021 WL 1961666, at *6–7 (E.D. La. May 17, 2021) (Vitter, J.) ("In the Petition, Plaintiff alleges that he suffered head, neck and spine injuries, but provides no information concerning the nature or extent of those injuries.").
[41] R. Doc. 1 at p. 5.
[42] R. Doc. 5-1 at p. 9.

Furthermore, while Plaintiff seeks several categories of damages in her Petition that *could* potentially bring the amount in controversy over $75,000, the Fifth Circuit has held that, "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[43]  It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet its burden of proving that the amount in controversy is satisfied.[44]  Such is the case here.  Absent any specifics as to the amounts sought by the Plaintiff, the Court cannot say that the Defendants have met their burden in demonstrating that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Because the removal statute is strictly construed and any doubt as to the propriety of removal must be resolved in favor of remand, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332 and that remand is required.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiff's Motion to Remand[45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Marriott International, Inc., Chartis Specialty Insurance Company, and Sheraton

---

[43] *Allen*, 63 F.3d at 1336.
[44] *See Butler*, 2021 WL 1961666, at *6 (citing *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158 (E.D. La. Dec. 19, 2014)).
[45] R. Doc. 3.

LLC are remanded to the Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings.

New Orleans, Louisiana, May 8, 2024.

**WENDY B. VITTER**
**United States District Judge**